## COLLINS v. DAVIS.

### (Supreme Court, Appellate Term. June 30, 1908.)

APPEAL AND ERROR—RECORD—RETURN FOR CORRECTION.

>The record on appeal from a judgment, claimed to be void because not rendered within the time directed by Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230, not showing when it was rendered, will be returned for correction, to show if and when it was rendered.

>[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2830–2833.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harry J. Collins against Samuel D. Davis. From a judgment for plaintiff, defendant appeals. Record returned for correction.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Feltenstein & Rosenstein, for appellant.

George W. Simpson, for respondent.

MacLEAN, J. The appellant urges that the judgment herein was not rendered within the time directed by section 230 of the Municipal Court act (Laws 1902, p. 1557, c. 580), and is therefore void. The notice of appeal recites that the defendant appeals from the judgment

rendered on the 10th day of December, 1907. If the judgment was rendered on that date, the contention of the appellant must prevail, because the cause was tried on July 23, 1907, and submitted on August 3d following. But there is no evidence of the entry of such a judgment, other than appears from a notice, dated December 6, 1907, that a judgment would be presented for settlement and entry on the 10th day of December, 1907, and what purports to be a judgment signed by the trial justice, but neither dated nor entered.

If, on the other hand, judgment was rendered within 14 days from the time the cause was submitted, the appeal must be dismissed, because "an appeal must be taken within 20 days after the entry of the judgment." Section 311, Municipal Court Act (Laws 1902, p. 1578, c. 580). The clerk certifies that judgment was rendered on the 23d day of July, 1907, the date of the trial. The minutes, however, disclose that briefs were submitted on August 3, 1907. What purports to be a judgment, undated and unfiled, signed by the trial justice, in its recital says:

"I having rendered my decision herein on the 6th day of August, 1907, in favor of the plaintiff against the defendant, and indorsed the same upon the original summons," etc.

The original summons, however, discloses no such indorsement. There is indorsed on the fourth and last alias summons:

"Judgment for plaintiff. Form to be settled at 3 district on August 6th."

But this was not signed by the trial justice.

The record must be returned for correction, in order to show if judgment was rendered herein, and when. All concur.